SMITH *v.* PRINCETON MINING COMPANY.

[No. 16,125. Filed March 8, 1938.]

*Arthur S. Wilson* and *Claude A. Smith,* for appellant.

*Hays & Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier,* for appellee.

BRIDWELL, J.—Appellant filed his application with the Industrial Board for an adjustment of his claim against appellee for compensation, alleging that he had suffered an injury by reason of an accident arising out of and in the course of his employment.

After hearing an application for review of an award made by one member, the full board, by a majority of its members, made its finding: "that plaintiff (appellant) suffered no disability, nor any permanent partial impairment as the result of an accidental injury arising out of and in the course of his employment." The award was in accordance with the finding, and it was ordered "that the plaintiff shall take nothing by his application herein and that he shall pay the costs of this proceeding." This appeal was thereafter perfected, appellant assigning as error that the award is contrary to law.

One of appellant's contentions is that the award should be reversed because the board found that appellant had not sustained any permanent partial impairment as a result of the claimed accident when no such issue was presented nor involved, and that, therefore, the award is contrary to law. We do not agree with this contention. While it may be conceded that it was not within the province of the board to make a finding as to any fact not within the issues, yet in cases of this character such an unauthorized finding will not be viewed by this court as an element for consideration in determining whether an award should be affirmed or reversed. The record in the instant case is silent as to any objection or motion on the

part of appellant concerning this matter, and no prejudicial nor reversible error appears in this connection.

Appellant, conceding that this court cannot weigh the evidence, nevertheless contends that the evidence is such as to conclusively show he was entitled to an award. The hearing member so found, but on application for review, four members decided otherwise. It appears that approximately six years prior to the time of the claimed accident here involved that appellant suffered an injury to his right leg and that same was amputated at a point about eight inches below the knee. He wore an artificial limb while at work, and the injury causing the disability for which he seeks to recover arose from a bruised portion of the "stump" below the knee and at a point where the same was inclosed within the artificial leg. It would serve no good purpose to set forth the evidence in detail. We have read it from the transcript and are of the opinion that from the facts proven different inferences might reasonably be drawn as to the cause of the injury resulting in disability, and as to whether, in fact, the injury was due to any accident connected with the employment. The evidence is not of such character as to force a conclusion contrary to that reached by the Industrial Board. Award affirmed.